25CA0304 Peo in Interest of AH 07-10-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0304
Arapahoe County District Court No. 22JV486
Honorable Shay K. Whitaker, Judge

The People of the State of Colorado,

Appellee,

In the Interest of Ad.H. and Ar.H., Children,

and Concerning R.B.,

Appellant.

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE MEIRINK
Freyre and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 10, 2025

Ron Carl, County Attorney, Erinn Walz, Assistant County Attorney, Aurora, Colorado, for Appellee

Brittany Radic, Guardian Ad Litem

Patrick R. Henson, Office for Respondent Parent's Counsel, Chelsea A. Carr, Office for Respondent Parent's Counsel, Denver, Colorado, for Appellant

¶ 1     In this dependency and neglect proceeding, R.B. (mother) appeals the juvenile court's judgment revoking her deferred adjudication and adjudicating Ad.H. and Ar.H. (the children) dependent and neglected.  We affirm.

## I.     Background

¶ 2     The Arapahoe County Department of Human Services (the Department) received a referral raising concerns about mother's substance use and the condition of her home.  The Department contacted mother who agreed to take a drug test.  Upon receipt of a positive result, the Department called mother and learned she was in the process of leaving the state with the children.  The Department then filed a petition in dependency or neglect.

¶ 3     Three months later, mother and the Department agreed to a deferred adjudication.  As part of the deferred adjudication agreement, mother admitted that the children were dependent and neglected because (1) they were without parental care through the acts or omissions of the parent; (2) their environment was injurious to their welfare; and (3) the parent, guardian, or legal custodian failed or refused to provide proper or necessary subsistence, educational, or medical care.  *See* § 19-3-102(1)(b)-(d), C.R.S. 2024.

1

¶ 4     As a condition of the deferred adjudication, mother agreed to comply with a treatment plan that required her to (1) maintain contact with the caseworker; (2) engage in parenting time; (3) develop protective parenting capacity; (4) participate in therapy and address substance abuse issues; (5) maintain stable housing; and (6) maintain employment and stable income.  The deferred adjudication agreement also stated that if mother had four or more positive drug tests and/or six or more missed tests, it would be an "independent ground" for entry of adjudication, regardless of her progress with the treatment plan.

¶ 5     The Department later moved to revoke mother's deferred adjudication, arguing that mother's failure to comply with the treatment plan and substance monitoring warranted entry of a judgment adjudicating the children dependent and neglected.  The juvenile court held an evidentiary hearing and adjudicated the children dependent and neglected.

## II.    Treatment Plan Compliance

¶ 6     Mother argues that the juvenile court erred by revoking her deferred adjudication because she complied with her treatment plan.  We are not persuaded.

## A. Applicable Law and Standard of Review

¶ 7 "The purpose of an adjudicatory hearing is to determine whether the factual allegations in the dependency and neglect petition are supported by a preponderance of the evidence, and whether the status of the subject child or children warrants intrusive protective or corrective state intervention into the familial relationship." *People in Interest of A.M.*, 786 P.2d 476, 479 (Colo. App. 1989). Alternatively, the juvenile court may accept a parent's admission at an adjudicatory hearing. *People in Interest of J.W. v. C.O.*, 2017 CO 105, ¶ 32. The "court's acceptance of [a parent's] admission establishe[s] the status of the children as dependent or neglected." *Id.*

¶ 8 Section 19-3-505(5), C.R.S. 2024, provides for a process that courts and practitioners often refer to as "deferred adjudication." Specifically, it allows a juvenile court, with the consent of all parties, to continue the adjudicatory hearing for up to six months and to defer entry of judgment when a parent admits the children are dependent or neglected. § 19-3-505(5)(a)-(b). Following the initial six-month period, the juvenile court may continue the

hearing for another six months, after which the court must dismiss or sustain the petition.[1]  § 19-3-505(5)(b).

¶ 9    At such time, the juvenile court may consider the parent's admission made when the deferral was entered, along with any evidence related to the progress the parent has made and the ongoing needs and status of the child.  *See People in Interest of N.G.*, 2012 COA 131, ¶¶ 23, 26-27.

¶ 10    Whether a child is dependent or neglected presents a mixed question of fact and law because it requires the application of statutory criteria to evidentiary facts.  *See People in Interest of E.R.*, 2018 COA 58, ¶ 5.  We review the court's factual findings for clear error but review de novo its legal conclusions based on those facts. *People in Interest of A.S.L.*, 2022 COA 146, ¶ 8.

---

[1] We acknowledge that the revocation hearing was held outside of the twelve-month timeframe permitted by section 19-3-505(5)(b). But a juvenile court does not lose jurisdiction by failing to conduct the hearing within this statutory timeframe.  *See People in Interest of A.W.*, 74 P.3d 497, 498-99 (Colo. App. 2003).  And, because mother does not raise the juvenile court's noncompliance with the statutory timeframe as an issue on appeal, we will not address it further.

## B. Analysis

¶ 11    The juvenile court found that mother violated the terms of the deferred adjudication agreement by not complying with the parenting time component of her treatment plan.  Specifically, the court found that mother (1) missed fourteen out of twenty-nine visits in the six months prior to the revocation hearing; (2) did not have a reasonable explanation for the missed visits; and (3) violated the parenting time safety plan.

¶ 12    The record supports the court's findings.  Mother's parenting time coach testified about mother's missed visits.  She also described how mother violated her safety plan by changing the location of her unsupervised community visit without notice and by having an unapproved third party present.  The parenting time coach opined that, due to the "significant amount" of missed visits, mother was only partially compliant with this component of her treatment plan.

¶ 13    The caseworker similarly opined that mother was not compliant with the parenting time component of her treatment plan.  She testified about how mother's missed visits caused "some breaking down" of her relationship with the children.  The

caseworker acknowledged that mother explained her missed visits but did not provide the caseworker with any supportive documentation.

¶ 14    Even so, mother asserts that she substantially complied with her treatment plan because she communicated with the caseworker, obtained stable housing and employment, and completed an outpatient sober living program.

¶ 15    The juvenile court acknowledged the progress mother made on some components of her treatment plan, including her contact with the caseworker, stable housing, and employment.  But, as discussed above, the court's primary concern was mother's lack of compliance with the parenting time component of her treatment plan.  *See People in Interest of J.C.R.*, 259 P.3d 1279, 1284 (Colo. App. 2011) (noting that "partial compliance, or even substantial compliance, may not be sufficient").  Ultimately, considering the evidence presented, the court concluded that mother's noncompliance with parenting time violated the terms of the deferred adjudication agreement.  "[I]t is not our role to reweigh the evidence or substitute our judgment for that of the juvenile court." *People in Interest of K.L.W.*, 2021 COA 56, ¶ 62.

¶ 16     We need not address mother's contentions related to substance monitoring and the Department's reasonable efforts. Under the terms of the deferred adjudication agreement, treatment plan noncompliance was a separate, independent basis for adjudication. Because the record supports the juvenile court's finding that mother failed to comply with her treatment plan, we conclude that the court did not err by adjudicating the children dependent and neglected.

### III.   Disposition

¶ 17     The judgment is affirmed.

JUDGE FREYRE and JUDGE GOMEZ concur.